# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEVIN W. BAKER, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-11-61-F |
| | ) | |
| LARRY RHODES and JIM MULLET, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Kevin W. Baker, a state prisoner appearing *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

An initial review of the Complaint [Doc. #1] has been conducted pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915 (pertaining to *in forma pauperis* proceedings). It is recommended that the Complaint be dismissed *sua sponte* for failure to state a claim upon which relief may be granted. It is further recommended that this dismissal count as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g).

## I.  Background and Claims for Relief

Plaintiff, incarcerated in the Garvin County Jail, has sued the sheriff and undersheriff of Garvin County, contending that his constitutional rights have been violated. He alleges he has been denied access to the courts, subjected to conditions of confinement that do not comply with health standards, and denied equal protection of the laws. His first claim is based on an alleged failure to allow him access to a law library. His second claim is based on his allegation that one of the toilet stools has been out of order. Finally, he complains that

his equal protection rights have been violated because he has been incarcerated in the Garvin County Jail since his conviction. According to Plaintiff, prisoners convicted in larger counties are immediately transferred to the Oklahoma Department of Corrections (DOC) where they can begin to accrue credits toward early release. Plaintiff seeks a "preliminary order granting access to law library," an order requiring defendants to "allow inmates access to courts," an order to "provide disciplinary procedures,"[1] and an order "to keep inmates from getting unequal rights." Complaint at electronic page 7. Finally, Plaintiff seeks "costs and fees" as well as monetary damages. *Id.*

## II.  Grounds for *Sua Sponte* Dismissal

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismissal of a complaint filed *in forma pauperis* is proper for failure to state a claim upon which relief may be granted. *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). *See also* 28 U.S.C. § 1915A(b)(1). As with a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

Because Plaintiff is proceeding *pro se*, his complaint must be construed liberally. *See id.* at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young*, 554 F.3d at 1256 (quotations and citation omitted).

---

[1] Plaintiff does not include any allegations that involve disciplinary actions taken against him.

**III.    Analysis of Claims**

   **A.    Supervisory Liability**

Plaintiff alleges generally that Defendants Rhodes and Mullet were "involved" in the alleged constitutional violations. He does not, however, allege any facts to support an inference that either Defendant committed any acts which violated Plaintiff's constitutional rights. Rather, it appears that Plaintiff has named these Defendants because of their supervisory status.

The Supreme Court recently outlined pleading requirements necessary to state a claim in a civil rights action against a government official based on supervisory liability:

> Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution.

*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1948 (2009).[2] Tenth Circuit law is consistent with *Iqbal*. It has long been the law in this circuit that § 1983 does not allow a plaintiff to hold an individual government official liable "'under a theory of respondeat superior.'" *Dodds v. Richardson*, 614 F.3d 1185, 1194-1196 (10th Cir. 2010) (*quoting Gagan v. Norton*, 35 F.3d 1473, 1476 n. 4 (10th Cir. 1994)). *See also Poolaw v. Marcantel*, 565 F.3d 721, 732 (10th Cir. 2009) ("[A] supervisory relationship alone is insufficient for liability under § 1983."). The Tenth Circuit has held that "[s]upervisors are only liable under

---

[2]In *Iqbal*, the Plaintiff's claims were based on the actions of federal officials. The claims were, therefore, brought pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The Supreme Court noted, however, that the same principles apply to civil rights actions brought pursuant to § 1983.

3

§ 1983 for their own culpable involvement in the violation of a person's constitutional rights." *Serna v. Colorado Dept. of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006). "[W]hen a plaintiff sues an official under . . . § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds v. Richardson*, 614 F.3d at 1198 (*quoting Iqbal*).

Plaintiff has alleged no facts that demonstrate that either Defendant, through his own individual conduct and with the requisite state of mind, violated Plaintiff's constitutional rights. Plaintiff's vague and conclusory allegations of "involvement" are wholly insufficient, and his Complaint fails to set forth any facts to state a plausible claim for relief against either of the named Defendants. Plaintiff's action, therefore, fails to state a claim upon which relief may be granted.

As discussed below, however, even if Plaintiff could state enough facts to plausibly link Defendants to the alleged violations, this action would still be subject to dismissal on the merits because Plaintiff has failed to allege deprivations of a constitutional dimension.

**B.** **Denial of Access to the Courts**

An inmate's "'constitutional right of access to the courts is clearly established.'" *Trujillo v. Williams*, 465 F.3d 1210, 1226 (10th Cir. 2006) (*quoting Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996)). To state a claim for denial of such a right, however, a prisoner "must demonstrate actual injury from interference with his access to the courts – that is, that

4

the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (*citing Lewis v. Casey*, 518 U.S. 343, 351-55 (1996)). The plaintiff in *Gee* alleged, among other things, that the defendants had denied him access to a law library. *Id.* Like the plaintiff in *Gee*, Plaintiff in the instant case has failed to demonstrate any injury resulting from the perceived denial of access to the courts. Consequently, Plaintiff's allegations fail to state a constitutional claim upon which relief may be granted.

C. **Conditions of Confinement**

Plaintiff contends that the Garvin County Jail does not comply with health standards. This claim is based on Plaintiff's allegations, accepted as true, that a toilet stool has been out of order during the few months he has been incarcerated in the Garvin County Jail and that the "hot and cold buttons don't work most of the time." Complaint at 3. Plaintiff states that having only one working toilet and intermittently working water makes using the stool or getting a drink "a long process." *Id.* This claim is liberally construed as arising under the Eighth Amendment.

In *Rhodes v. Chapman*, 452 U.S. 337 (1981), the Supreme Court held that in a challenge to prison conditions under the Eighth Amendment courts must look to the totality of conditions to determine whether the alleged deprivations deny "the minimal civilized measure of life's necessities." *Id.* at 349.

5

> [T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime[.]

*Id.* at 346 (internal quotations and citations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 832, 834 (1994) (concluding that a sufficiently serious deprivation must result in the denial of "the minimal civilized measure of life's necessities" such as shelter, sanitation, food, personal safety, medical care and clothing) (*quoting Rhodes v. Chapman*, 452 U.S. 337 at 347)).

In this case, the inconvenience Plaintiff has endured because one of the toilets has not been working is not sufficiently serious to rise to the level of an Eighth Amendment violation. *See DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (there is no doubt that toilets can be unavailable for some period of time without violating Eighth Amendment). This claim, therefore, also fails to state a claim upon which relief may be granted.

D.      **Equal Protection Claim**

In his final claim, Plaintiff contends that his right to equal protection under the law has been violated because he has been held in the Garvin County Jail since his conviction, rather than transferred to the custody of the DOC.[3] According to Plaintiff, inmates convicted in larger counties are transferred to DOC custody within 45 days of conviction, and once they are in DOC custody, these inmates have the opportunity to begin earning credits toward early release. Plaintiff contends that his continued incarceration in the Garvin County Jail deprives

---

[3] A recent docket entry in this case [Doc. #8] suggests that Plaintiff is no longer incarcerated in Garvin County Jail, but Plaintiff has not filed a notice of change of address.

him of the opportunity to begin earning credits toward early release. But an inmate "has no constitutionally-protected liberty interest in earning . . . credits[.]" *Gauthier v. Higgins*, 229 Fed. Appx. 713, 716 (10th Cir. Apr. 12, 2007) (*quoting Fogle v. Pierson*, 434 F.3d 1252, 1262 (10th Cir. 2006)) (alteration in original) (unpublished op.). Because Plaintiff has no constitutional right to the opportunity to earn credits toward early release, he has failed to state a claim of constitutional dimension.

## **RECOMMENDATION**

It is recommended that Plaintiff's civil rights action be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915 and 1915A for failure to state a claim upon which relief may be granted. It is further recommended that this dismissal count as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g).

## **NOTICE OF RIGHT TO OBJECT**

Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by April __18th__, 2011. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

7

ENTERED this  28th  day of March, 2011.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE